Johnson, J.
The defendant in error brought a proceeding in the common pleas of Hamilton county to enjoin the village of Elmwood Place from issuing $10,000 of refunding bonds which are described in the petition. The injunction was sought on the ground that the ordinance authorizing the issuance of the bonds had been published in but one newspaper.
It is averred in the petition that while the newspaper in which the publication was made is the only newspaper of which the whole or any part is *355 printed in the village, and the only one which is first put into circulation in the village, or first issued in the village to be delivered or sent by mail, or otherwise, to its subscribers, or first offered for public sale within the village, yet there are more than two newspapers of opposite politics printed and first put into circulation therein which are published outside of the village.
A demurrer to the petition was overruled and final judgment entered by the court of common pleas. The court of appeals reversed this judgment and included in its entry an order that the cause be certified to this court for review and final determination, because the judgment upon which it had agreed was contrary to the judgment pronounced upon the same question by the court of appeals of the fifth appellate district.
The question presented is, What method, if any, is provided by existing law for the publication of ordinances of a general nature of a village in which there is printed only one newspaper, but in which two or more papers of opposite politics, published outside of the village, are generally circulated?
The statutory requirements touching the subject are included in Section 4227 et seq., General Code. Pertinent parts are as follows: In Section 4227 “Ordinances of a general nature, or providing for improvements shall be published as hereinafter provided before going into operation,” and Section 4228, ‘/Ordinances and resolutions requiring publication shall be published in two newspapers of opposite politics, published and of general circulation *356 in such municipality, if such there be.” Section 4229 provides the number of times ordinances, resolutions, etc., “shall be published in two newspapers of opposite politics of general circulation therein, if there are such in the municipality,” and Section 4232 provides that “in municipal corporations in which no newspaper is published, it shall be sufficient publication of ordinances * * * to post up copies thereof at not less than five of the most public places in the corporation, to be determined by the council, for a period of not less than fifteen days prior to the taking effect thereof.”
It will be observed that the existing statutes contain no express provision on the subject with reference to a municipality in which but one newspaper is published. This situation developed in the codification adopted in 1910. Prior to the codification what is now Section 4227 was contained in Section 1695, Revised Statutes. In the latter section it is provided “Ordinances of a general nature, or providing for improvements shall be published in some newspaper of general circulation in the corporation.” In the codification the words “some newspaper” are omitted and the words “shall be published as hereinafter provided” are substituted.
It is contended substantially by the plaintiff in error that it is unreasonable to presume that the legislature intended to require publication of ordinances in villages in which two papers are published, and in villages in which no paper is published, but intended not to require publication in villages in which only one paper is published. It *357 is therefore insisted that the codified statute should receive the same construction as that necessarily given to the original.
It is well settled that where the general statutes of the state are revised and consolidated there is a strong presumption that the same construction which the statute had had before revision should be applied to the enactment in the revised form, although the language may have been changed. In such case a court is only warranted in holding the construction to be changed when the intent of the legislature to make such change is clear and manifest. State, ex rel., v. Commissioners of Shelby County, 36 Ohio St., 326; German-American Ins. Co. v. McBee et al., 85 Ohio St., 161, 173.
It is equally well settled that where the words of a statute are plain, explicit and unequivocal and express clearly and distinctly the sense of the lawmaking body, there is no occasion to resort to other means of interpretation. In such a situation the question is not, what did the general assembly intend to enact, but what is the meaning of that which it did enact? D. T. Woodbury & Co. v. Berry, 18 Ohio St., 456; Slingluff et al. v. Weaver et al., 66 Ohio St., 621; Hough v. The Dayton Mfg. Co. et al., 66 Ohio St., 427.
Can it be said that it is clear and manifest that in the adoption of the General Code the general assembly intended to so change the statute then in force as to leave no provision for the publication of ordinances in a village in which only one newspaper is printed ? Or can it be said that the words in the *358 codified section are so free from ambiguity and doubt and express so clearly and distinctly the meaning of what the general assembly did enact that there is no occasion to resort to other means of interpretation? We think not. As already remarked, Section 1695, Revised Statutes, directed that the ordinance should be published in some newspaper of general circulation in the corporation. The act of October 22, 1902 (96 O. L., 60), Section 124, provided that Section 1695 should remain in full force and in addition thereto that such ordinances “shall be published in two newspapers of opposite politics, published and of general circulation in such municipality, if such there be.” The same section also provided that except as otherwise provided in the act the ordinances required to be published should be published in two newspapers of opposite politics of general circulation therein, if there be such in the municipality.
The history of legislation on the subject involved in this controversy is such as to clearly indicate that the settled policy of the state is to require that ordinances of a general nature shall be published. Publication is the object to be attained, the essential requirement. As part of the plan to attain the purpose, the publication is required to be made in two newspapers of opposite politics published in the municipality “if such there be.” It is to be presumed that the legislature contemplated that if there were such papers of opposite politics the information contained in the publication would be *359 fairly distributed among the people of the community.
It is provided by Section 4229 that except as otherwise provided in this title, ordinances, resolutions, etc., “shall be published in two newspapers of opposite politics of general circulation therein, if there are such in the municipality ” for the periods stated. There is in this provision no express requirement that such newspapers shall be published within the municipality. When considered, however, in pari materia with Section 4228, and in view of the fact that before the codification these two sections were included in the same section of the Revised Statutes, it would seem to be clear that the newspapers referred to in Section 4229 are the same as those referred to in Section 4228, viz., newspapers published within the' municipality. Moreover, Section 6255, General Code, seems to require this construction. That section provides that for sufficient publication of a notice or advertisement required by law to be published for a definite period, at least one side of the newspaper in which such publication is made shall be printed in the county or municipal corporation in which such notice or advertisement is required to be published. This view is confirmed by the fact that by Section 4232 it is provided that in municipal corporations in which no newspaper is published, it shall be sufficient publication to post up copies.
It is contended by the defendant in error that under the present law there is but one way in which to publish ordinances in a municipality where there *360 is but one newspaper published and of general circulation, and that is that the ordinance shall be posted as required by Section 4232, General Code. We cannot assent to this contention. The language in that section is: “In municipal corporations in which no newspaper is published, it shall be sufficient to post up copies.”
From the face of the petition in this case it appears that there is a newspaper published in the village. Therefore, the condition which the statute provides must exist before “it shall be sufficient to post up copies” does not exist in this case. The natural inference from that plain provision would be that in a villag'e in which a newspaper is published the publication would be required to be made in that paper if it was the only one.
Considering all the sections referred to together, in the light of the settled policy of the state, as indicated by the history of legislation oh this subject, we are convinced that the general assembly did not intend by the codification to provide that in a village in which only one newspaper is published and of general circulation no publication of its ordinances would be required and did not do soand we are constrained to hold that, in view of the absence of clear and unambiguous language to the contrary, the sections of the General Code referred to should receive thé same construction required to be given to the sections of the Revised Statutes, from which the former were taken, and that the publication shown by the petition to have been made in the *361 paper which was the only newspaper published and of general circulation in the village was sufficient.
The court of appeals correctly held, that the demurrer to the petition should have been sustained by the court of common pleas and judgment entered for the defendant.
The judgment of the court of appeals will be affirmed.

Judgment affirmed.

Nichols, C. J., Wanamaker, Newman, Jones and Matthias, JJ., concur.